J-S11032-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| IMTIAZ CHAUDHRY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| JOHN J. HUNT, III, JOHN DOE, | : | |
| UNKNOWN OCCUPANT | : | |
| | : | |
| | : | |
| APPEAL OF: JOHN J. HUNT, III | : | No. 2612 EDA 2022 |

Appeal from the Judgment Entered September 30, 2022
In the Court of Common Pleas of Montgomery County
Civil Division at No(s): 2021-03098

BEFORE: OLSON, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY KING, J.: **FILED AUGUST 29, 2023**

Appellant, John J. Hunt, III, appeals *pro se* from the judgment entered in the Montgomery County Court of Common Pleas, which granted immediate possession of property to Appellee, Imtiaz Chaudhry. We affirm.

The trial court set forth the relevant facts and procedural history of this appeal as follows:

> On April 26, 2021, Appellee filed an amended complaint against Appellant and unknown occupants at the property to obtain possession of the land following a foreclosure action in which the property was sold at a sheriff's sale on June 26, 2019 to U.S. Bank, National Association, who gave title to Appellee on November 10, 2020. Appellant has continued to occupy the property since the sheriff's sale without permission of the owner. The counts in the amended complaint were for ejectment, trespass and rent and *mesne* profits. [On February 2, 2022, Appellee filed a motion for summary judgment. Appellant responded, opposing the motion, on February 6, 2022.] On May 12, 2022, [the] court granted Appellee's motion for summary judgment as to count 1, ejectment, and count II, trespass,

but denied it as to count III, rent and *mesne* profits. No appeal was taken from this order.

On July 5, 2022, [the] court scheduled argument to address count III for August 3, 2022. Appellant failed to appear at the scheduled court date and [the] court relisted this matter for a hearing on September 13, 2022. Appellant failed to appear at the hearing despite being served with the order. Appellee orally motioned to dismiss count III[. The trial court granted the motion] and further ordered immediate possession of the property to [Appellee].

On September 1[9], 2022, Appellant filed a motion to strike the judgment for possession of the premises. [The c]ourt treated the motion as a notice of appeal … and directed Appellant to file a concise statement of matters complained of on appeal in accordance with Pa.R.A.P. 1925(b) within twenty-one (21) days. On September 30, 2022, Appellee filed [a] *praecipe* for judgment in ejectment and *praecipe* for writ of possession. On October 2, 2022, Appellant filed a notice of appeal and a motion to strike the writ of possession and impose *supersedeas* on appeal. On October 4, 2022, Appellant filed a timely statement of matters complained of on appeal.

(Trial Court Opinion, filed 11/17/22, at 1-2) (unnecessary capitalization omitted).

Appellant raises the following four issues on appeal:

I. Does Pa.R.C.P. 227.4 allow the Prothonotary to enter "Summary Judgment as a matter of Legal Opinion" or "Summary Verdict" into Final Judgment under the rule of procedure, leading to the issuance of Writ to the Sheriff?

II. Will "Summary Judgment as Matter of Law" determine the verdict or the jurisdiction? Is the Defendant required to rebut the Plaintiff, or is the Plaintiff required to prove their complaint to the fact finder under Art 1. Pa. Const.?

III. Did jurisdiction fail under Pa.R.C.P. 1054(b) when the amended complaint failed to "abstract the title back to common source of possession" within 21 years, and

- 2 -

moreover failed to raise any claim in Pa.R.C.P. 1061(b)?

IV. Does the action of ejectment being in the nature of "equitable bill to redeem" by settled precedent run to our counterclaim under Pa.R.C.P. 1061(b)(4), where the trial court must impose a constructive trust or similar remedy?

(Appellant's Brief at 6-7).

Preliminarily, it is well settled that "Rule 1925 is a crucial component of the appellate process because it allows the trial court to identify and focus on those issues the parties plan to raise on appeal." *Kanter v. Epstein*, 866 A.2d 394, 400 (Pa.Super. 2004), *cert. denied*, 546 U.S. 1092, 126 S.Ct. 1048, 163 L.Ed.2d 858 (2006). "The Statement shall concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge." Pa.R.A.P. 1925(b)(4)(ii).

> This Court has considered the question of what constitutes a sufficient [concise] statement on many occasions, and it is well-established that [an a]ppellant's concise statement must properly specify the error to be addressed on appeal. The [concise] statement must be specific enough for the trial court to identify and address the issue an appellant wishes to raise on appeal. Further, this Court may find waiver where a concise statement is too vague. When a court has to guess what issues an appellant is appealing, that is not enough for meaningful review. A [c]oncise [s]tatement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no [c]oncise [s]tatement at all.

*In re A.B.*, 63 A.3d 345, 350 (Pa.Super. 2013) (internal citations omitted).

Here, the trial court decided that Appellant's Rule 1925(b) statement was "incoherent and vague as to legal error." (Trial Court Opinion at 7). The court explained:

> Appellant fails to specifically identify how [the court] committed an error of law, erred in interpreting the law, and/or failed to apply the appropriate standard of review. Therefore the issues must be deemed waived because they are too vague to enable this Court to satisfy its obligation under Pa.R.A.P. 1925(a) to prepare an opinion addressing them.

(*Id.* at 8).[1]  We agree with the trial court's analysis that Appellant's Rule 1925(b) statement was insufficient to permit the trial court to identify the issues Appellant sought to raise on appeal.  Appellant's appellate issues are waived on this basis.  *See In re A.B., supra*.  Accordingly, we affirm.

Judgment affirmed.

Judge McLaughlin joins this memorandum.

Judge Olson concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/29/2023

---

[1] Notwithstanding its waiver analysis, the court provided reasons for its ruling, explaining that it granted Appellee's request to dismiss count III after Appellant twice failed to appear at court proceedings to address that count and Appellee orally motioned to dismiss it.  The court further opined that there was no error of law in granting Appellee's request to dismiss count III, and because there were no matters pending before the court it was appropriate to grant Appellee immediate possession of the property.  (*Id.*)